|  |  |
|---|---|
| ROBERT WASHINGTON,<br><br>            Plaintiff,<br><br>    v.<br><br>STEVEN M. YAPLEE,<br><br>            Defendant. | Case No. 1:20-cv-01356-EPG (PC)<br><br>ORDER PROVIDING DEFENDANT YAPLEE WITH THE OPPORTUNITY TO SHOW GOOD CAUSE FOR FAILING TO WAIVE SERVICE<br><br>(ECF No. 10)<br><br>THIRTY (30) DAY DEADLINE |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Robert Washington ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this action.

On October 21, 2020, the Court ordered the United States Marshals Service ("the Marshal") to initiate service of process on defendant Yaplee. (ECF No. 10). The Marshal was directed to attempt to secure a waiver of service before attempting personal service on defendant Yaplee. (Id. at 2). If a waiver of service was not returned by defendant Yaplee within sixty days, the Marshal was directed to effect personal service on defendant Yaplee in accordance with the provisions of Federal Rule of Civil Procedure 4 and 28 U.S.C. § 566(c), without prepayment of costs. (Id.). The Marshal was also directed to file the return of service, "along with evidence of any attempts to secure a waiver of service of process and of the costs subsequently incurred in effecting service on said defendant. (Id.).

On January 28, 2021, the Marshal filed a return of service USM-285 form showing

charges of $72 for effecting personal service on defendant Yaplee.  (ECF No. 11).  According to the Marshal, the Marshal mailed and e-mailed a waiver of service form.  (Id.).  Defendant Yaplee did not return either waiver, which resulted in the execution of personal service on January 27, 2021.  (Id.).

On March 19, 2021, defendant Yaplee filed a motion to dismiss for failure to state a claim.  (ECF No. 14).

Rule 4 provides that "[a]n individual, corporation, or association that is subject to service under Rule 4(e), (f), or (h) has a duty to avoid unnecessary expenses of serving the summons."  Fed. R. Civ. P. 4(d)(1).  "If a defendant located within the United States fails, without good cause, to sign and return a waiver requested by a plaintiff located within the United States, the court must impose on the defendant … the expenses later incurred in making service."  Fed. R. Civ. P. 4(d)(2)(A).

It appears that defendant Yaplee was given the opportunity required by Rule 4(d)(1) to waive service but failed to return the waiver to the Marshal.  The Court will provide defendant Yaplee with an opportunity to show good cause for failing to waive service.  If defendant Yaplee either fails to respond to this order or responds but fails to show good cause, the costs incurred in effecting service shall be imposed.

Accordingly, it is HEREBY ORDERED that:

1. Defendant Yaplee may, within thirty (30) days from the date of service of this order, show good cause for failing to waive service; and
2. If defendant Yaplee fails to respond to this order or responds but fails to show good cause, the Court will impose the costs incurred in effecting service.

IT IS SO ORDERED.

Dated: **March 22, 2021**            /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE

2