UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WASHINGTON,<br><br>   Plaintiff,<br><br>   v.<br><br>STEVEN M. YAPLEE,<br><br>   Defendant. | Case No. 1:20-cv-01356-EPG (PC)<br><br>PROTECTIVE ORDER AND ORDER LIMITING SCOPE OF SUBPOENA<br><br>(ECF No. 29)<br><br>ORDER ALLOWING CDCR TO PRODUCE RECORDS |

Robert Washington ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 18, 2021, Plaintiff made a filing in the form of a letter, in which Plaintiff asks the Court to limit the scope of Defendant's subpoena to the California Department of Corrections and Rehabilitation ("CDCR"). (ECF No. 29).

For the reasons that follow, the Court will grant Plaintiff's motion in part.

**I.   Plaintiff's Motion**

In Plaintiff's filing, Plaintiff asks the Court to order Defendant to limit the scope of his subpoena. Plaintiff states that Defendant seeks all of his medical records from all of his doctors. However, as the issue in this case relates to his eye, Plaintiff argues that the Court should limit Defendant's document request to medical records that pertain only to his eye. Plaintiff also argues that releasing records not pertinent to this case could be a violation of HIPPA.

**II.  Defendant's Opposition**

On October 27, 2021, Defendant filed an opposition. (ECF No. 31). "In mid-May of

1  2021, counsel for defendant's office issued a subpoena duces tecum for plaintiff Robert

2  Washington's medical and treatment related records from the California Correctional Institution –

3  Tehachapi / California Department of Corrections and Rehabilitation." (Id. at 2) (citation

4  omitted).

5      Specifically, defense counsel sought:

> Any and all writings (used herein as defined in California Evidence Code section 250), including hospital and/or medical records and documents whether stored digitally and/or electronically, including doctor's entries, nurses' notes, medical reports, progress reports, X-ray report, radiology reports, MRI reports, lab reports, myelogram reports, physical therapy records, case history, emergency records, diagnoses, prognoses, condition, admit and discharge records from first date of treatment to the present for ROBERT WASHINGTON (DOB: 01/12/1966). Any and all itemized statements of charges pertaining to the care, treatment, and examination of the individual named herein regardless of treatment date including but not limited to all billing, invoices, statements, and insurance claims for ROBERT WASHINGTON. Any and all medical bills, medical billing records, liens, explanation of benefits statements, correspondence relating to billing, records showing write-offs or adjustments to amounts billed, and records or payment by insurance carriers, government entities, and/or any other person or entity for amounts owed by ROBERT WASHINGTON. Any and all sign in sheets or other documents or writings that would evidence ROBERT WASHINGTON's attendance to this location on a specific date. Any and all reports [] or summaries prepared of the care and treatment rendered to ROBERT WASHINGTON from the first date of treatment to the present. Any and all documents that were given to the patient upon their initial presentation to this location to fill out, including any patient questionnaires; pain diagrams, intake documents, patient registrations, history documents, or any other writings that were completed by the patient at any time during their presentation for care and treatment. Any and all writings that describe, discuss, or evidence a referral source who referred the patient to care and treatment at this location.

(Id.) (citation and internal quotation marks omitted).

"The production date for the records sought was June 29, 2021. However, responsive records were not produced in response to the validly issued subpoena duces tecum, and no records whatsoever have been produced by the CDCR to date in response to the SDT." (Id.) (citation omitted).

"Counsel for defendant Dr. Yaplee specifically used broad subpoena language in the request to the California Correctional Institution – Tehachapi / California Department of Corrections and Rehabilitation given that defendant Dr. Yaplee had suspicions that the patient's

1  left eye inflammation that he was seeing in September and October of 2016 may have been
2  explained by an underlying autoimmune systemic disorder.  Dr. Yaplee never was able to find out
3  the answer to that question, and the scope of the subpoena to California Correctional Institution –
4  Tehachapi / California Department of Corrections and Rehabilitation was intended, in part, to
5  provide the defense with information about potential causes of the patient's current left eye
6  status."  (Id. at 3-4) (citations omitted).

Additionally, "[t]he defense requests that this Court issue an order stating that the CDCR must respond to the subpoena as currently constituted."  (Id. at 6).

**III.   Analysis**

The Court has reviewed the filings, and will grant Plaintiff's motion in part.

The Court finds that while Defendant is seeking relevant documents, the request, which appears to be for all of Plaintiff's medical records (with no limitations), is overboard.

Accordingly, the Court will limit the request as follows: 1) The CDCR shall only produce medical records from June 13, 2013 (approximately three years before the incidents alleged in the complaint), through November 18, 2021; and 2) The CDCR shall not produce mental health records.

Additionally, Defendant will not be allowed to disclose any documents he receives from the subpoena request to anyone, except to the parties; the Court and Court staff; counsel and counsel's staff; Defendant's experts; and court reporters and their staff.[1]

As to Defendant's request that the Court issue an order stating that the CDCR must respond to the subpoena, it will be denied at this time, without prejudice.[2]  The Court does, however, note that the CDCR may produce the documents, subject to the limitations in this order.

**IV.   Order**

Accordingly, based on the foregoing, IT IS ORDERED that:

1. The CDCR shall only produce medical records from June 13, 2013, through

---

[1] The Court is not ordering that the documents must be filed under seal if they are filed with the Court.  The Court refers the parties to Local Rule 141, which explains the procedures for requesting that documents be sealed.

[2] Defendant has not filed a motion to compel compliance with the subpoena or a motion for sanctions.  If the CDCR refuses to produce the documents following the issuance of this order, Defendant has thirty days from the date of service of this order to file a motion to compel compliance with the subpoena and/or a motion for sanctions.

November 18, 2021;

2. The CDCR shall not produce mental health records;

3. Defendant's counsel shall not disclose the documents he receives from the subpoena to the CDCR with anyone, except the parties; the Court and Court staff; counsel and counsel's staff; Defendant's experts; and court reporters and their staff; and

4. The CDCR may produce the documents requested in Defendant's subpoena, subject to the limitations in this order.

IT IS SO ORDERED.

Dated: **November 18, 2021**            /s/ Erica P. Grosjean
                                        UNITED STATES MAGISTRATE JUDGE