UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>STEVEN M. YAPLEE,<br><br>    Defendant. | Case No. 1:20-cv-01356-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 47) |

Robert Washington ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On August 1, 2022, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 47). Plaintiff asks for appointment of counsel because he is unable to afford counsel; because the issues involved in this case are complex; because Plaintiff is "under" the Americans with Disabilities Act; because the paralegal that Plaintiff asked to help him backed out after agreeing to help; because Plaintiff has no knowledge of the law or federal court rules; because this case involves medical issues that may require expert testimony; because Plaintiff has demanded a jury trial; because this case will require depositions of witnesses; because the testimony in this case will be in sharp conflict; because Plaintiff has no high school education and no legal education; and because Plaintiff's case has merit.

1

Plaintiff does not have a constitutional right to appointed counsel in this action, <u>Rand v. Rowland</u>, 113 F.3d 1520, 1525 (9th Cir. 1997), <u>withdrawn in part on other grounds</u>, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  <u>Mallard v. United States District Court for the Southern District of Iowa</u>, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim.  Moreover, it appears that Plaintiff can adequately articulate his claim.

The Court notes that Defendant filed a motion for summary judgment (ECF No. 37), and Plaintiff has already filed his opposition (ECF No. 45).  If the motion for summary judgment is denied, Plaintiff may renew his motion for appointment of pro bono counsel.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **August 2, 2022**          /s/ Erica P. Grosjean
                                    UNITED STATES MAGISTRATE JUDGE

2