UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WASHINGTON,<br><br>　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>STEVEN M. YAPLEE,<br><br>　　　　　　　　　　Defendant. | Case No. 1:20-cv-01356-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO SET TRIAL DATE<br><br>(ECF No. 56) |

Robert Washington ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

On October 28, 2022, the Court ordered defense counsel to contact the Alternate Dispute Resolution Coordinator to schedule a settlement conference. (ECF No. 55). Defense counsel complied with this order, and a settlement conference has now been set for January 18, 2023, before Magistrate Judge Jeremy D. Peterson (ECF No. 59).

On November 23, 2022, Plaintiff filed a motion to set the trial date. (ECF No. 56). In the motion, Plaintiff states that he was called by defense counsel on November 17, 2022, and was informed it was a telephonic settlement conference. Defense counsel stated that his client will not accept Plaintiff's offer, and refused to make a counter-offer. Defense counsel was also demeaning to Plaintiff, stated that Plaintiff does not have a chance, and hinted that Plaintiff will not win because his client is innocent. Defense counsel also stated that since the settlement

1  conference is not until January 2023, he will be motioning "for a schedule Disposition of Plaintiff
2  in December." (Id. at 1). As Defense counsel told Plaintiff that there is not going to be a
3  settlement agreement, Plaintiff asks the Court to set the trial instead of a settlement conference.
4  Plaintiff also asks the Court to deny Defendant's motion for a "Disposition."[1]
5     On November 28, 2022, Defendant filed his response. (ECF No. 57). According to defense
6  counsel, defense counsel and Plaintiff did speak on the telephone on November 17, 2022. (Id. at
7  2). However, defense counsel asserts that "Plaintiff's Motion and the unsworn statements therein
8  are not factually accurate in recitation of the content of the telephone conversation between
9  [defense counsel] and Mr. Washington. Plaintiff's Motion contains numerous misrepresentations
10 to the Court and inaccuracies in what was discussed between [defense counsel] and Mr.
11 Washington during that telephone call." (Id. at 2).
12    While defense counsel does not identify the specific inaccuracies, the Court notes that
13 Defendant asked the Court to set a settlement conference. (ECF No. 54). Moreover, in
14 Defendant's response Defendant does not indicate that he is unwilling to settle this case.
15 Accordingly, the Court will deny Plaintiff's request for the Court to set the trial instead of a
16 settlement conference. The case will first proceed to a settlement conference pursuant to the
17 procedures laid out by Judge Peterson (ECF No. 59), and if the case does not settle, the Court will
18 set the remaining dates and deadlines. The Court expects both parties to participate in the
19 settlement conference in good faith. Failure to do so may result in the imposition of sanctions.
20    As to Plaintiff's request to deny Defendant's motion for a "Disposition," it is not clear what
21 relief Plaintiff is seeking. Defendant has not filed any such motion. Accordingly, Plaintiff's
22 request is denied. If Defendant files a motion for "Disposition," Plaintiff may file an opposition
23 and the Court will rule on the motion in due course.
24 \\\
25 \\\

---

[1] In his motion Plaintiff also asks if the Court modified the scheduling order. (ECF No. 56, p. 2). The Court notes that it did not modify the scheduling order, although it did grant Plaintiff extensions of time to respond to Defendant's motion for summary judgment.

2

Accordingly, based on the foregoing, IT IS ORDERED Plaintiff's motion to set the trial date is DENIED.

IT IS SO ORDERED.

Dated:   **November 29, 2022**              /s/ Erica P. Grosjean
                                            UNITED STATES MAGISTRATE JUDGE