UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WAYNE WASHINGTON,<br><br>  Plaintiff,<br><br>  v.<br><br>STEVEN M. YAPLEE, M.D.<br><br>  Defendant. | Case No. 1:20-cv-01356-EPG (PC)<br><br>ORDER DENYING DEFENDANT'S MOTION TO BIFURCATE<br><br>(ECF No. 69). |

Before the Court is Defendant Steven M. Yaplee's motion to hold a separate trial on Defendant's statute of limitations defense. (ECF No. 69). Plaintiff opposes Defendant's request. (ECF No. 74). For the reasons that follow, the Court will deny Defendant's motion.

**I.  BACKGROUND**

This action proceeds on Plaintiff's Eighth Amendment claim against Defendant for deliberate indifference to Plaintiff's serious medical needs. (ECF Nos. 1, 7).

On January 23, 2023, Defendant filed a motion requesting the Court to bifurcate the issue of Defendant's statute of limitations defense and order a separate trial. (ECF No. 69). According to Defendant, "[t]he question of when plaintiff became aware that he both (1) had an alleged ophthalmologic related post-operative infection and (2) was allegedly not going to be treated for

1

such a condition by Dr. Yaplee is a 'discrete factual matter that will require presentation of limited evidence and argument' to the trier of fact[.]" (*Id.* at p. 4) (citing *Stevenson v. Holland*, 504 F. Supp. 3d 1107, 1129 (E.D. Cal. 2020)). Defendant contends that bifurcation would not prejudice any party and would instead convenience the Court, the parties, and expert witnesses in this case by potentially expediting the resolution of this case.

On February 6, 2023, Plaintiff filed an opposition to Defendant's motion.[1] (ECF No. 74). Plaintiff generally argues that presentment of Defendant's statute of limitations defense will necessarily overlap with issues regarding Defendant's liability and Plaintiff's damages.[2] (*See id.*)

## II. LEGAL STANDARD

Rule 42(b) of the Federal Rules of Civil Procedure provides that a court may bifurcate trial "[f]or convenience, to avoid prejudice, or to expedite and economize[.]" Fed.R.Civ.P. 42(b). This rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002); see also 9A Wright & Miller, Fed. Prac. & Proc. § 2389 (3d ed., Oct. 2020 Update) ("Rule 42(b) is sweeping in its terms and allows the district court, in its discretion, to grant a separate trial of any kind of issue in any kind of case."). "Courts may consider several factors in determining whether bifurcation is appropriate, including whether the issues are clearly separable, and whether bifurcation would increase convenience and judicial economy, reduce the risk of jury confusion, and avoid prejudice to the parties." *Aoki v. Gilbert*, 2015 WL 5734626, at *4 (E.D. Cal. Sept. 28, 2015) (citing Hirst v. Gertzen, 676 F.2d 1252, 1261 (9th Cir.1982)).

Bifurcation, however, "is not to be routinely ordered," *Hamm v. Am. Home Prods. Corp.*, 888 F. Supp. 1037, 1039 (E.D. Cal. 1995) (quoting Advisory Committee Notes to 1966

---

[1] Plaintiff filed his opposition to Defendant's motion *pro se*. Plaintiff has since retained counsel. (*See* ECF Nos. 82 & 83). On May 15, 2023, the Court held a pretrial conference. (ECG No. 84). At the conference, the Court gave Plaintiff's new counsel the opportunity to brief the Court on Plaintiff's position regarding the motion to bifurcate. The Court also heard Defendant's position. The Court has considered each party's position as stated at the hearing as well as the parties' briefs.

[2] Plaintiff also argues that Defendant conceded this defense when Defendant withdrew his motion to dismiss based on the statute of limitations after Plaintiff filed an opposition. (ECF No. 74, p. 2-3). However, the Court has directed the parties to file a joint statement regarding a proposed plan to either brief the issue to the Court or submit the issue to the jury. (ECF No. 85). Accordingly, the only issue before the Court is whether it is appropriate to bifurcate any statute of limitations defense that proceeds to trial.

Amendment to Fed.R.Civ.P. 42(b)); see also *Hangarter v. Paul Revere Life Ins. Co.*, 236 F. Supp. 2d 1069, 1094 (N.D. Cal. 2002), *aff'd in part, rev'd in part on other grounds sub nom. Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998 (9th Cir. 2004) ("[P]iecemeal trial of separate issues in a single suit is not to be the usual course [and] should be resorted to only in the exercise of informed discretion when the court believes that separation will achieve the purposes of the rule." (citation and internal quotation marks omitted)), and "[t]he party requesting bifurcation has the burden of proving that bifurcation is justified given the particular circumstances." *Aoki*, 2015 WL 5734626 at *4 (citation omitted).

### III. DISCUSSION

Here, should the statute of limitations issue be presented to a jury, it would be most efficient to try all issues together at one time to one jury. Although Defendant contends that the statute of limitations defense is a discrete threshold issue, the Court finds that any factual dispute as to when Plaintiff became aware of his claim against Defendant would entail evidence also relevant to Plaintiff's claim on the merits. Moreover, because the parties have estimated a relatively short trial of three to four day, at maximum, the Court finds that bifurcation would not increase convenience or judicial economy. Accordingly, bifurcation is not justified given the particular circumstances of this case. Thus, the Court will deny Defendant's motion.

### IV. ORDER

Based on the foregoing, IT IS ORDERED that Defendant's motion to bifurcate (ECF No. 69) is DENIED.

IT IS SO ORDERED.

Dated: **May 22, 2023**                 /s/ *Erica P. Grosjean*
                                        UNITED STATES MAGISTRATE JUDGE