UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVEN M. YAPLEE, M.D.,<br><br>　　　　Defendant. | Case No. 1:20-cv-01356-EPG<br><br>ORDER THAT PLAINTIFF CLAIM NOT BARRED BY STATUTE OF LIMITATIONS |

　　　Robert Washington ("Plaintiff") is a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This case proceeds on Plaintiff's Eighth Amendment claim against Defendant Steven M. Yaplee ("Defendant") for deliberate indifference to Plaintiff's serious medical needs. (ECF Nos. 1, 7).

　　　This case is set for jury trial on September 19, 2023. Ahead of trial, Plaintiff and Defendant have asked the Court to determine the availability of Defendant's statute of limitations defense and have submitted briefing regarding this issue. (ECF Nos. 90, 91, 92, 93). For the reasons that follow, the Court finds that at least one of Plaintiff's 602 Health Care Grievances and Appeals tolls the applicable statute of limitations in this case to render Plaintiff's complaint timely. Accordingly, this case will proceed to trial on the merits.

**I.  BACKGROUND**

Plaintiff filed his complaint on September 24, 2020. (ECF No. 1). The Court screened Plaintiff's complaint and directed service. (ECF Nos. 7, 10).

On March 19, 2021, Defendant filed a motion to dismiss. (ECF No. 14). In this motion, Defendant argued that:

> Plaintiff's allegations in his Complaint – on its face and taken as true for the purposes of this motion, establish that the Complaint was not filed within a timely fashion. Namely, the two-year statute of limitations for personal injuries.
>
> In this case, plaintiff knew or had reason to know – by his own allegations in paragraph 23 of the Complaint – that as of February 26, 2018, his alleged ophthalmic injuries and complaints were "directly attributable to plaintiff's untreated eye infection as a result of Dr. Yaplee's deliberate indifference." Plaintiff quotes Dr. Tawansy as telling him directly that his history of pterygium removal surgery with Dr. Yaplee and subsequent infection in his left eye resulted in keratopathy, cataract, uveitis, retinal detachment, status post penetrating keratoplasty, retinal detachment repair, scleral buckle, silicone oil injection, and cataract removal. (Complaint, ¶ 26.) This knowledge by plaintiff begins the accrual timeline for filing a timely complaint as the plaintiff knows or has reason to know of the injury that is the basis of the action.
>
> Given that plaintiff knew, or had reason to know, of the purported connection between the alleged deliberate indifference by Dr. Yaplee and his ophthalmic complaint and injuries as of February 26, 2018, to be considered timely, plaintiff's Complaint would need to have been filed on or before February 26, 2020.

(ECF No. 14-1, pp. 6-7). On April 5, 2021, Plaintiff, then proceeding *pro se*, filed an opposition to Defendant's motion. (ECF No. 17). Plaintiff argued that he is entitled to four years of statutory tolling under California Civil Procedure Code §§ 352.1 & 335.1, as well as equitable tolling while Plaintiff exhausted his administrative remedies as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e ("PLRA"). (*Id.*) Plaintiff's opposition included administrative grievances and appeals, which he argued added 219 days to the four years of statutory tolling. (*Id.*, pp. 12-37).

On April 12, 2021, Defendant filed a notice withdrawing the motion to dismiss. (ECF No. 18). The case proceeded to discovery. The Court set a deadline for Defendant to present any challenge based on Plaintiff's failure to exhaust administrative remedies.[1] Defendant did not file an exhaustion motion.

---

[1] The Court's scheduling order noted that "[f]ailure to raise the exhaustion defense by this deadline will result in waiver of the defense. *See Albino v. Baca*, 747 F.3d 1162, 1170 (9th Cir. 2014) (providing that the exhaustion question should be decided as early as feasible)." (ECF No. 28, p. 5).

On March 4, 2022, Defendant filed a motion for summary judgment. (ECF No. 37). The Court denied Defendant's motion on October 13, 2022. (ECF No. 51). On January 23, 2023, Defendant filed a motion to hold a separate trial on Defendant's statute of limitations defense. (ECF No. 69). The Court denied Defendant's motion on May 22, 2023. (ECF No. 86).

At the pretrial conference, the parties raised several points regarding the statute of limitations. The Court directed the parties to jointly submit a proposed plan for the Court to address the issue. (ECF No. 85).

Based on the parties' proposal (ECF No. 88), the Court directed the parties to file briefing regarding the following issues:

1. Whether or not Plaintiff's 602 Health Care Grievances and Appeals (*see* ECF No. 17, pp. 12-37) tolls the applicable statute of limitations in this case; and
2. What legal authority governs such a judicial determination at this stage in the case.

(ECF No. 89, p. 1). As the Court's order explained, if the Court determines that one or more of Plaintiff's 602 Health Care Grievances and Appeals tolls the applicable statute of limitations, then the case will proceed to trial on the merits. (*Id.*) If the Court determines that the statute of limitations is not tolled, then the Court will proceed to consider the following issues:

3. Whether the accrual date of the statute of limitations can be determined by the Court as a matter of law; and
4. If the Court can determine the accrual date of the statute of limitations, whether Plaintiff's complaint is timely or barred by the Court as a matter of law.

(*Id.*, pp. 1-2). If the Court determines that it cannot determine the accrual date as a matter of law, then the issue will be presented to the jury. (*Id.*, p. 2).

**III.     RELEVANT LEGAL STANDARDS AND STATUTES**

"'[F]ederal law determines when a civil rights claim accrues.'" *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002) (quoting *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153-54 (9th Cir. 2000)). "Under federal law, a claim accrues when the plaintiff knows or should know of the injury that is the basis of the cause of action." *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (citation omitted).

California's two-year statute of limitations for personal injury actions applies to § 1983

3

claims. *Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1198 (9th Cir. 2014); Cal. Civ. Proc. Code § 335.1. In California, the limitations period is two years. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004) (citing Cal. Code Civ. Proc. § 335.1). The limitations period is statutorily tolled for another two years for prisoners serving less than a life sentence. Cal. Civ. Proc. Code § 352.1(a); *Johnson v. State of California*, 207 F.3d 650, 654 (9th Cir. 2000).

The court also applies "the forum state's law regarding tolling, including equitable tolling, except to the extent any of these laws is inconsistent with federal law." *Id.* (citing *Fink v. Shedler*, 192 F.3d 911, 914 (9th Cir. 1999)). "Where exhaustion of an administrative remedy is mandatory prior to filing suit, equitable tolling is automatic: 'It has long been settled in this and other jurisdictions that whenever the exhaustion of administrative remedies is a prerequisite to the initiation of a civil action, the running of the limitations period is tolled during the time consumed by the administrative proceeding.'" *McDonald v. Antelope Valley Cmty. Coll. Dist.*, 45 Cal. 4th 88, 101 (2008) (quoting *Elkins v. Derby, 12 Cal. 3d 410, 414 (1974)*). *See also Brown v. Valoff*, 422 F.3d 926, 943 (9th Cir. 2005) ("[T]he applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process.").

"Under the PLRA, a grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought. The grievance need not include legal terminology or legal theories, because [t]he primary purpose of a grievance is to alert the prison to a problem and facilitate its resolution, not to lay groundwork for litigation. The grievance process is only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued." *Reyes v. Smith*, 810 F.3d 654, 659 (9th Cir. 2016) (alteration in original) (citations and internal quotation marks omitted).

**IV.   DISCUSSION**

Given that Plaintiff was a prisoner serving less than a life sentence, the statute of limitations in this case is four years. *See Butler*, 766 F.3d at 1198; Cal. Civ. Proc. Code §§ 335.1, 352.1(a). Because Plaintiff filed his case on September 24, 2020, Plaintiff's claim is barred by the statute of limitations if it accrued before September 24, 2016.

However, the four-year limitations period is subject to tolling. *McDonald*, 43 Cal. 4th at 101; *Brown*, 422 F. 3d at 943. Here, the parties disagree as to whether the limitations period tolled

while Plaintiff exhausted his administrative remedies. Defendant argues that Plaintiff's administrative grievances "are not sufficiently related to the claims advanced in the litigation." (ECF No. 91, p. 1). Plaintiff argues that Plaintiff's administrative grievances comply with the PLRA's exhaustion requirements. (ECF No. 92, p. 2). Plaintiff contends that Plaintiff's final 602 grievance "specifically allege[s] that [Defendant] was deliberately indifferent to Plaintiff's serious medical need, and that Plaintiff was seeking compensatory damages as a result." (*Id.*, p. 2-3).

The second issue is the accrual date of Plaintiff's claim against Defendant. Defendant argues that Plaintiff's claim accrued on September 16, 2016, because that was the date that Plaintiff's complaint alleges that Plaintiff was first informed about the existence of an eye infection. (ECF No. 91, p. 7). Based on that accrual date, and if Plaintiff is not entitled to any tolling, then Plaintiff's complaint should have been filed on September 16, 2020, and Plaintiff's complaint, filed on September 24, 2020, was nine days too late.[2] Plaintiff agrees that the accrual date can be determined by the Court as a matter of law but does not advance his own accrual date.[3] (ECF No. 90, p. 4).

However, because the tolling period afforded by any one of Plaintiff's administrative grievances closes the nine-day gap between September 16, 2020, and September 24, 2020, the accrual date will not be a factual issue at trial if the Court finds that Plaintiff is entitled to tolling.

As a threshold matter, both Plaintiff and Defendant appear to agree that the Court may determine, as a matter of law, whether administrative grievances serve to toll the statute of limitations.[4] (*See* ECF No. 88, p. 1).

Defendant's only challenge to Plaintiff's grievances is that they fail to "address the gravamen of his Complaint—namely, that he had an eye infection and that was not treated with

---

[2] The parties also appear to agree that tolling during exhaustion runs consecutively to the statutory limitations period and not concurrently.

[3] In Plaintiff's opposition to Defendant's later-withdrawn motion to dismiss, Plaintiff, then proceeding *pro se*, asserted that "the accrual of time began on February 26, 2018." (ECF No. 17, p. 7).

[4] Defendant urges the Court to construe the parties' briefing as a request for a bifurcated bench trial on Defendant's statute of limitations defense. (*See* ECF No. 91, p. 2). Although Plaintiff expressly asks the Court to find that Defendant has waived any challenge to the sufficiency of Plaintiff's administrative exhaustion, Plaintiff also alternatively argues that Plaintiff's administrative grievances serve to toll the limitations period. (ECF No. 92, p. 2). Thus, the Court issues this order based on the parties' mutual desire for the Court to determine the merits of Defendant's statute of limitations defense ahead of trial.

antibiotics." (ECF No. 91, p. 4). Defendant does not challenge any other aspect of Plaintiff's administrative grievances or otherwise dispute the facts of the grievances submitted by Plaintiff.

Here, Plaintiff submitted a 602 grievance on September 13, 2018, which states that "[b]ecause of Dr. Yaplee's actions I [ ] went completely blind in my left eye." (ECF No. 17, p. 28). Plaintiff's grievance also states that he has "filed Appeals NKSP-HC-028167 & NKSP-HC-16-02803 against Dr. Yaplee for blinding me in my left eye after surgery. . .[.]" (*Id.*) Defendant argues that this grievance is about other prison officials, not Defendant, who are being deliberately indifferent to Plaintiff's needs. (ECF No. 91, p. 6).

The Court does not agree. Plaintiff's grievance alerts prison officials to the nature of the wrong alleged in Plaintiff's complaint—i.e., that Defendant's treatment of Plaintiff was so deficient as to rise to the level of deliberate indifference and cause Plaintiff permanent eye damage. Plaintiff's grievance states that he was experiencing blurriness in his eye and went "man-down." (ECF No. 17, p. 28). After he went "man-down," Plaintiff saw Defendant for treatment who "stated that [Plaintiff] had an infection in [his] eye, gave [him] some medication & sent [him] back to NKSP." (*Id.*) When Plaintiff was referred to see another physician, that physician told Plaintiff that Defendant "had severely damaged [Plaintiff's] eye which amounted to deliberate indifference." (*Id.*) Plaintiff's grievance indicates not only his wishes to not be treated by Defendant again, but also that he believes his underlying medical problem to be the fault of Defendant. Indeed, although a grievance is "only required to alert prison officials to a problem, not to provide personal notice to a particular official that he may be sued," *Reyes*, 810 F.3d at 659 (internal citation and quotation marks omitted), Plaintiff also writes in his grievance that he seeks "compensatory damages from NKSP Medical administration & Dr. Yaplee for being deliberate[ly] indifferent to my serious needs." (ECF No. 17, p. 28).

Because Plaintiff's September 13, 2018 administrative grievance was not completed until February 4, 2019, (ECF No. 17, p. 28), Plaintiff is entitled to one-hundred and forty-four (144) days of tolling during the exhaustion of this grievance. As this is enough to toll the limitations period past the accrual date asserted by Defendant, the Court finds that Plaintiff's complaint is not barred by the statute of limitations.[5]

---

[5] Plaintiff argues that Defendant waived any argument that Plaintiff's administrative grievances lack a sufficient

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court orders that Plaintiff's claim against Defendant Yaplee for deliberate indifference to serious medical needs is not barred by the statute of limitations.[6]

IT IS SO ORDERED.

Dated:   **August 14, 2023**               /s/ Erica P. Grosjean
                                           UNITED STATES MAGISTRATE JUDGE

---

connection to Plaintiff's complaint by failing to challenge exhaustion at summary judgment. (ECF No. 90, p. 3; ECF No. 92, p. 1). As the Court finds that Plaintiff's administrative grievances are sufficiently related to Plaintiff's claim, and thus, Plaintiff is entitled to equitable tolling, the Court need not reach the issue of whether Defendant waived his statute of limitations defense.

[6] This case now proceeds according to the schedule set forth in the Court's pretrial order (ECF No. 87), including trial on September 19, 2023. If the parties wish to set a settlement conference before another Magistrate Judge prior to trial, they shall promptly contact the Court's Courtroom Deputy, Michelle Means Rooney, at mrooney@caed.uscourts.gov.