UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WASHINGTON,<br><br>         Plaintiff,<br><br>    v.<br><br>STEVEN M. YAPLEE,<br><br>         Defendant. | Case No. 1:20-cv-01356-EPG (PC)<br><br>ORDER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE, UP TO AND INCLUDING DISMISSAL OF THE CASE, DUE TO FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS<br><br>RESPONSE DUE SEPTEMBER 7, 2023 |

Robert Washington ("Plaintiff") is a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.[1] This case proceeds on Plaintiff's Eighth Amendment claim against Defendant Steven M. Yaplee ("Defendant") for deliberate indifference to Plaintiff's serious medical needs. (ECF Nos. 1, 7).

This case, which has been pending since September 24, 2020, is set for jury trial on September 19, 2023. However, the parties have now failed to file the necessary documents to proceed to trial, as ordered by the Court. Plaintiff has also failed to file any document since June 26, 2023, including any motions *in limine* or responseS to Defendant's motions *in limine*.

---

[1] Plaintiff proceeded in this action *pro se* until April 27, 2023, when the Court granted the substitution of Plaintiff's counsel in place of Plaintiff. (ECF No. 83).

1

Accordingly, the Court orders the parties to show cause why sanctions should not issue, up to and including dismissal of the case, for failure to prosecute and obey a court order.

Given the urgency of resolving this issue with the trial date quickly approaching, the Court orders any responses to this order to be filed by no later than 5:00 p.m. on September 7, 2023.

## I.   DISCUSSION

On May 23, 2023, the Court entered a pretrial order in this case. (ECF No. 87). The Court's order directed the parties to file a proposed joint witness list, proposed joint jury instructions, proposed verdict forms, and a proposed neutral statement of the case by September 6, 2023. (*Id.*, pp. 5-6).

The Court's order also set a briefing schedule for motions *in limine*, with any motion *in limine* to be filed with the Court by August 17, 2023, any responses to a motion *in limine* filed by August 31, 2023, and any reply filed by September 7, 2023. (*Id.*, p. 87).

The Court also advised the parties that:
> Strict compliance with this order and its requirements is mandatory. The Court will strictly enforce the requirements of this pretrial order, and counsel and parties are subject to sanctions for failure to fully comply with this order and its requirements. The Court will modify the pretrial order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The Court ADMONISHES the parties and counsel to obey the Federal Rules of Civil Procedure and the Court's Local Rules and orders. The failure to do so will subject the parties and/or counsel to sanctions as the Court deems appropriate.

(*Id.*, p. 7).

On August 17, 2023, Defendant filed ten motions *in limine*. (ECF No. 96). Although the declaration of Defendant's counsel stated that "the parties agreed that Defendant's Motions *in Limine* Nos. 3, 4, 6, and 10 would be stipulated and unopposed," (ECF No. 97, p. 1), Plaintiff did not file a response to any of the motions *in limine*.

Additionally, neither party has filed proposed verdict forms, a proposed neutral statement of the case a joint witness list or joint proposed jury instructions. The deadline to file these required pretrial documents has passed.

Federal Rule of Civil Procedure 16(f) provides that a court may order sanctions, including dismissal, for failure to obey a scheduling or other pretrial order. Fed. R. Civ. P. 16(f) ("[T]he

court may issue any just orders, including those authorizes by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney…fails to obey a scheduling or other pretrial order."); Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) (such orders "may include the following. . .(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; (iii) striking pleadings in whole or in part; (iv) staying further proceedings until the order is obeyed; (v) dismissing the action or proceeding in whole or in part; (vi) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.").

Accordingly, the Court will issue an order to show cause why sanctions, up to and including dismissal of the case, should not issue for failure to prosecute the case and to comply with the Court's pretrial order. *See Malone v. U.S. Postal Service*, 833 F.2d 128, 129-130 (9th Cir. 1987) (affirming district court's decision to dismiss action based on plaintiff's repeated failure to comply with the court's pretrial order); *see also Tantype v. Gibi, LLC*, No. CV 14-55950JFW (ASx), 2015 WL 13917182 (C.D. Cal. June 5, 2015) (order to show cause why lead counsel should not be sanctioned $5,000 each and action not dismissed for failure to file pretrial documents, including joint witness list and proposed jury instructions, in compliance with the court's order).

**II.     ORDER**

Based on the foregoing, IT IS ORDERED that, by no later than 5:00 p.m. September 7, 2023, the parties shall file written responses why sanctions should not issue up to and including dismissal of the case for failure to prosecute and obey a court order.

IT IS SO ORDERED.

Dated:   **September 6, 2023**           /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3