UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WASHINGTON,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>STEVEN M. YAPLEE,<br><br>　　　　Defendant. | Case No. 1:20-cv-01356-EPG (PC)<br><br>ORDER RE: DEFENDANT'S MOTION *IN LIMINE*<br><br>(ECF No. 96). |

　　　Plaintiff Robert Washington ("Plaintiff") is a state prisoner proceeding *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on Plaintiff's Eighth Amendment claim against Defendant Steven M. Yaplee, M.D. ("Defendant") for deliberate indifference to Plaintiff's serious medical needs. (ECF Nos. 1, 7). All parties have consented to Magistrate Judge jurisdiction. (ECF No. 24). This action is currently set for jury trial to begin on September 19, 2023.

　　　On August 17, 2023, Defendant filed motions *in limine*. (ECF No. 96). Defendant also filed the declaration of defense counsel in support of the motions *in limine*. (ECF No. 97). Plaintiff did not file a response.

\\\

1

## I. LEGAL STANDARDS

"A motion *in limine* is a procedural mechanism to limit in advance testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it is actually introduced at trial. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). A motion *in limine* allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003). Judges have broad discretion in ruling on a motion *in limine*. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002) ); *see also United States v. Torres*, 794 F.3d 1053, 1059 (9th Cir. 2015) (motion *in limine* rulings are reviewed for abuse of discretion).

The Federal Rules of Civil Procedure provide that generally relevant evidence is admissible at trial. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevant evidence can be excluded "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

## II. DISCUSSION

### A. Stipulated and unopposed motions *in limine*

Defendant has provided the declaration of defense counsel, which states that "the parties agreed that Defendant's Motions *in Limine* Nos. 3, 4, 6 and 10 would be stipulated and unopposed."

Defendant's third motion *in limine* requests "[a]n order precluding Plaintiff, his counsel, and through them any witnesses from making any inquiry, comment, or argument before the jury which suggests that jurors should base Plaintiff's damages, if any, on an amount that jurors would charge to endure similar injuries or to imagine a loved one in Plaintiff's position when calculating damages. (MIL No. 3, ECF No. 96, p. 5).

Defendant's fourth motion *in limine* requests an order "that Plaintiff, his counsel and

through them any witnesses be precluded from presenting evidence concerning any potential of insurance of Defendant." (MIL No. 4, ECF No. 96, p. 5).

Defendant's sixth motion *in limine* requests an order precluding "admission of evidence regarding past medical costs or expenses." (MIL No. 6, ECF No. 96, p. 7).

Defendant's tenth motion *in limine* requests an order precluding "any mention, directly or indirectly, of any prior settlement offers made in this case." (MIL No. 10, ECF No. 96, p. 10)

In light of the parties' agreement, the Court grants Defendant's motions *in limine* Nos. 3, 4, 6 and 10.

**B.     Defendant's Motion *in Limine* No. 1**

Defendant's first motion *in limine* requests that Plaintiff be precluded "from offering testimony or opinions as to the nature and extent of his injuries, his diagnoses, and issues of medical causation or causation of claimed injuries." (MIL No.1, ECF No. 96, p. 3). Specifically, Defendant requests that Plaintiff be precluded from testifying as to "(1) whether or not he ever actually had an ophthalmologic infection at any time during his care and treatment with Defendant; (2) the cause of his decreased visual acuity and vision related complaints following the June 13, 2016 surgery with Defendant; and (3) whether or not Plaintiff ever had an ophthalmologic condition hat needed to be treated with antibiotic measures." (*Id.*) Defendant represents that "[t]he parties agree that Plaintiff can testify about subjective complaints of pain or other symptoms that he personally, subjectively experienced." (*Id.*, p. 4).

"If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is: (a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. Under Rule 702, a person is permitted to testify as to "scientific, technical or other specialized" information if the witness is "qualified as an expert by knowledge, skill, experience, training or education" and the testimony is based upon sufficient facts or data. Fed. R. Civ. P. 702. Expert testimony must also be "the product of reliable principles and methods" and the expert witness must "reliably apply [those] principle and methods to the facts of the case." *Id.*

Plaintiff's testimony is subject to these rules. As a non-expert witness, Plaintiff may testify as to what he saw or felt relating to his medical needs or condition, including how Plaintiff's eye condition affects his ability to function. *See Stevenson v. Holland*, 504 F.Supp.3d 1107, 1121 (E.D Cal. 2020). Plaintiff may also describe changes to his physical or emotional state that he has experienced over time. *See Mouradian v. City of Los Angeles*, 2023 WL 2558380, at *3 (C.D. Cal. Jan. 25, 2023). Plaintiff's testimony about the nature and extent of injuries must be rationally based on his own perception. Thus, Plaintiff may testify about the symptoms he experienced related to his medical condition and/or injuries, but he may not testify as to any medical diagnosis explaining those symptoms. *See Mouradian*, 2023 WL 2558380, at *3; *see also Sienze v. Kutz*, 2019 WL 1332184, at * 3 (E.D. Cal. Mar. 25, 2019) ("[G]eneral comment about a persons' own condition is permitted while a medical diagnosis is not.").

Accordingly, Defendant's first motion *in limine* is granted to the extent that Plaintiff is precluded from offering expert testimony as to nature and extent of his injuries, his medical diagnoses, and issues of medical causation or causation of claimed injuries. However, Plaintiff may testify about his subjective symptoms that he personally experienced.

**C.      Defendant's Motion *in Limine* No. 2**

Defendant's second motion *in limine* requests that Plaintiff be precluded from introducing statements made by non-party health providers either via Plaintiff's own testimony or medical records. (MIL NO. 2, ECF No. 96, p. 4). Defendant argues that such evidence would be inadmissible hearsay for which no exception applies. (*Id.*)

Defendant argues that any attempt by Plaintiff to introduce medical records created by non-party health care providers "to establish the alleged existence of an ophthalmologic infection of an ophthalmologic condition that would necessitate treatment with an antibiotic regimen" would be hearsay-within-hearsay unless each statement conforms with an exception to the hearsay rule. (*Id.*). Defendant contends this would include medical records not authored by Defendant. (*Id.*)

Hearsay is statement that is not made during testimony at the current trial or hearing that is offered to prove the truth of the matter asserted. Fed. R. Evid. 801(c). Some statements that are not made during testimony at trial are, by definition, not hearsay. Fed. R. Evid. 801(d). The

4

Federal Rules of Evidence also provide certain exceptions to the general rule against hearsay.

The Court will grant Motion in Limine No. 2 insofar as Plaintiff is precluded from testifying regarding what any non-party medical providers verbally said regarding his medical condition. Such statements would be hearsay and not subject to an exception. (Plaintiff may testify regarding what Defendant said to him.)

However, the Court will not preclude Plaintiff from introducing medical records to the extent such records fall within an exception to the hearsay rule. For example, certain medical records may be the subject to the exception for records of regularly conducted activity under Rule 803(6). Fed. R. Evid. 803(6) ("A record of an act, event, condition, opinion, or diagnosis [is admissible] if the record was made at or near the time by—or from information transmitted by—someone with knowledge.") or Rule 803(4) ("[a] statement that is made for—and is reasonably pertinent to—a medical diagnosis or treatment; and describes medical history; past or present symptoms or sensations; their inception; or their general cause").

Thus, to the extent that Defendant seeks to exclude statements made by non-party health providers that are contained in medical records, the Court is unable to determine whether statements made by non-party health providers that are contained in Plaintiff's medical records may be admitted consistent with the rule of evidence. If Plaintiff seeks to introduce such records into evidence, Defendant may object to those records at trial and the Court will evaluate the admissibility of the documents at that time.

Accordingly, Defendant's second motion *in limine* is granted, in part, to the extent that Defendant seeks to preclude Plaintiff from testifying as to what other non-party medical providers verbally told Plaintiff in the course of their medical treatment. However, Defendant's motion is denied in part to the extent that Defendant seeks to preclude the introduction of medical records generated by non-party health providers.

### D.      Defendant's Motion *in Limine* No. 5

Defendant's fifth motion *in limine* requests that the Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses be precluded "from presenting testimony and/or evidence concerning any other lawsuits in which Defendant, or his professional medical entity, may have been named as a defendant. . .or implying that Defendant (or his medical entity) is currently or in the past has been

5

a party to any lawsuit." (MIL No. 5, ECF No. 96, p. 6).

Under Federal Rule of Evidence 404(b)(1), evidence of other bad acts, such as prior malpractice, "is not admissible to prove the character of a person in order to show action in conformity therewith." However, such evidence "may be admissible for another purpose such has proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). Additionally, Federal Rule of Evidence 406 provides that "[e]vidence of a person's habit or an organization's routine practice may be admitted to prove that on a particular occasion the person or organization acted in accordance with the habit to routine practice." To determine whether conduct constitutes habit, courts consider: "(1) the degree to which the conduct is reflexive or semi-automatic as opposed to volitional; (2) the specificity or particularity of the conduct; and (3) the regularity or numerosity of the examples of the conduct." *United States v. Angwin*, 271 F.3d 786, 799 (9th Cir. 2001), *overruled on other grounds by United States v. Lopez*, 484 F.3d 1186 (9th Cir. 2007).

Given Plaintiff's failure to file any opposition to this (or any other) motion *in limine*, the Court will grant the motion. While prior lawsuits could theoretically be admissible for the limited purposes allowed by the federal rules, Plaintiff has not presented any evidence or argument that any such lawsuits should be admitted in this case.

Accordingly, the Court grants Defendant's sixth motion *in limine*, and will preclude Plaintiff, his counsel and through them any witnesses from presenting testimony and/or evidence concerning any other lawsuits in which Defendant, or his professional medical entity, may have been named as a defendant.

### E.     Defendant's Motion *in Limine* No. 7

Defendant's seventh motion *in limine* requests that the Court "preclude admission of medical records that include notes or entries by Dr. Robles, Dr. Shittu, Dr. Gines or Nurse Reynaldo." (MIL No. 7, ECF No. 96, p. 7). According to Defendant, Plaintiff designated these individuals as expert witnesses, but has not provided Defendant with any writings, documents, or medical records from these individuals despite the Court's order requiring the exchange of documents, including copies of medical records within each party's possession, custody, or control. (*Id.*, pp. 7-8).

The federal rules generally provide that evidence not disclosed or supplemented in discovery may be precluded from use at trial unless the failure to disclose was substantially justified or harmless. Fed. R. Civ. P. 37(c); *Yeti by Molly, Ltd. v. Deckers Outdoor Corp*, 259 F.3d 1101, 1106 (9th Cir. 2001).

In light of Plaintiff's failure to oppose this motion *in limine*, the Court grants Defendant's motion *in limine* number 7, and will preclude the admission of medical records that include notes or entries by Dr. Robes, Dr. Shittu, Dr. Gines or Nurse Reynaldo.

### F.     Defendant's Motion *in Limine* No. 8

Defendant's eighth motion *in limine* requests that the Court preclude evidence or argument that Defendant was negligent in his care and treatment of Plaintiff. (MIL No. 8, ECF No. 96, p. 8). Defendant contends that the elements of negligence, including whether the standard of care has been met, are irrelevant to Plaintiff's claim for deliberate indifference to a serious medical need. (*Id.*) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Defendant also argues that any argument that Defendant was negligent is potentially misleading to the jury and confusing. (*Id.*, p. 9).

The Court will grant Defendant's eighth motion *in limine* insofar as it will preclude Plaintiff's counsel, Plaintiff or Plaintiff's witnesses from arguing or offering an opinion that Defendant was negligent. However, the Court will deny Defendant's motion insofar as it requests preclusion of evidence of Defendant's medical care solely on the basis that it could also be relevant to an unasserted negligence claim.  The Court will consider the admissibility of evidence regarding Defendant's care and treatment of Plaintiff solely with regard to its relevant to the claim in this case for deliberate indifference to serious medical needs.

### G.     Defendant's Motion *in Limine* No. 9

Defendant's ninth motion *in limine* requests that the Court "prevent mention, directly or indirectly, concerning the wealth or economic condition of Defendant and/or financial terms of any agreement maintained with the CDCR/State of California" because such evidence is irrelevant to Plaintiff's claim. (MIL No. 9, ECF No. 96, p. 9). Defendant also contends such evidence would be improper because neither party has conducted discovery regarding Defendant's financial status or the terms of Defendant's agreement with the State and/or CDCR.

(*Id.*) Should the Court find this evidence relevant, Defendant requests that "any such evidence be bifurcated until and unless a jury makes a finding in favor of plaintiff on his 42 U.S.C. §1983 claim and also determines that imposition of punitive damages is appropriate in this situation." (*Id.*)

Here, Defendant's relative financial status or any agreement between Defendant and CDCR is not relevant to Plaintiff's claim at issue in this case. Although evidence of Defendant's financial condition may be relevant to any claim for punitive damages, Plaintiff has not opposed Defendant's request nor otherwise indicated that he intends to introduce such evidence in support of Plaintiff's claim for punitive damages. The Court also notes that the parties' proposed jury instructions and special verdict form do not include any instructions on the issue of punitive damages.

Accordingly, the Court grants Defendant's tenth motion *in limine*, and will preclude any mention of Defendant's economic condition or the terms of any agreement between Defendant and the State of California and/or CDCR.

## III. ORDER

Based on the foregoing it is order as follows:

1. Defendant's Motion *in limine* No. 1 is GRANTED. Plaintiff is precluded from offering expert testimony as to nature and extent of his injuries, his medical diagnoses, and issues of medical causation or causation of claimed injuries. However, Plaintiff may testify about his subjective symptoms that he personally experienced.

2. Defendant's Motion *in limine* No. 2 is GRANTED in part to the extent that Defendant seeks to preclude Plaintiff from testifying as to what other non-party medical providers verbally told Plaintiff in the course of their medical care of Plaintiff, and DENIED in part to the extent that Defendant seeks to preclude the introduction of medical records generated by non-party health providers.[1]

3. Defendant's Motion *in limine* No. 3 is GRANTED. Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses are precluded from making a "golden rule" argument, i.e., any

---

[1] The Court will determine the admissibility of such records during the course of trial, considering any objections at that time.

suggestion that jurors should base Plaintiff's damages, if any, on an amount that jurors would charge to endure similar injuries or to imagine a loved one in Plaintiff's position.

4. Defendant's Motion *in limine* No. 4 is GRANTED. Plaintiff, Plaintiff's counsel, and Plaintiff's witnesses are precluded from presenting evidence concerning any potential of insurance of Defendant.

5. Defendant's Motion *in limine* No. 5 is GRANTED. Plaintiff, his counsel and through them any witnesses are precluded from presenting testimony and/or evidence concerning any other lawsuits in which Defendant, or his professional medical entity, may have been named as a defendant.

6. Defendant's Motion *in limine* No. 6 is GRANTED. Any admission of evidence of Plaintiff's past medical costs or expenses is precluded.

7. Defendant's Motion *in limine* No. 7 is GRANTED. Any admission of medical records that include notes or entries by Dr. Robes, Dr. Shittu, Dr. Gines or Nurse Reynaldo is precluded.

8. Defendant's Motion *in limine* No. 8 is GRANTED in part to the extent that Plaintiff's counsel, Plaintiff or Plaintiff's witnesses are precluded from arguing or offering an opinion that Defendant was negligent.

9. Defendant's Motion *in limine* No. 9 is GRANTED. Any mention of, or evidence regarding, Defendant's economic condition or the terms of any agreement between Defendant and the State of California and/or CDCR is precluded.

10. Defendant's Motion *in limine* No. 10 is GRANTED. Any mention, directly or indirectly, of any prior settlement offers in this case is precluded.

IT IS SO ORDERED.

Dated: __September 18, 2023__          /s/ Erica P. Grosjean
                                       UNITED STATES MAGISTRATE JUDGE