UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT WASHINGTON,<br><br>               Plaintiff,<br><br>    v.<br><br>STEVEN M. YAPLEE, M.D.,<br><br>               Defendant. | Case No. 1:20-cv-01356-EPG (PC)<br><br>**<u>JURY INSTRUCTIONS</u>** |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>INSTRUCTION NO. 1</u>**

**<u>OUTLINE OF TRIAL</u>**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

1

2

### INSTRUCTION NO. 2

### CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The party who brings a lawsuit is called the Plaintiff. The Plaintiff in this case is Robert Wayne Washington. The party against whom the suit is brought is called the Defendant. The Defendant in this case is Steven Yaplee, M.D. In June of 2016, Dr. Yaplee operated on Mr. Washington's left eye while Plaintiff was incarcerated at North Kern State Prison.

Plaintiff asserts that during follow-up care in September of 2016, Defendant was deliberately indifferent to a serious medical need of Plaintiff in violation of the Eighth Amendment of the United States Constitution.

Defendant denies this claim and contends that he was not deliberately indifferent to Plaintiff's medical needs, nor did he ever violate Plaintiff's Constitutional Rights under the Eighth Amendment.

3

**INSTRUCTION NO. 3**

**WHAT IS EVIDENCE**

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits that are admitted into evidence;

3.      any facts to which the lawyers have agreed; and

4.      any facts that I may instruct you to accept as proved.

## INSTRUCTION NO. 4

## WHAT IS NOT EVIDENCE

Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they may say in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3) Testimony that is excluded or stricken, or that you are instructed to disregard, is not evidence and must not be considered. In addition, some evidence may be received only for a limited purpose; when I instruct you to consider certain evidence only for a limited purpose, you must do so, and you may not consider that evidence for any other purpose.

4) Anything you may see or hear when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

# INSTRUCTION NO. 5

## CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

1) the opportunity and ability of the witness to see or hear or know the things testified to;

2) the witness's memory;

3) the witness's manner while testifying;

4) the witness's interest in the outcome of the case, if any;

5) the witness's bias or prejudice, if any;

6) whether other evidence contradicted the witness's testimony;

7) the reasonableness of the witness's testimony in light of all the evidence; and

8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

## **INSTRUCTION NO. 6**

### **TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you go to the jury room to decide the case. Do not let notetaking distract you. When you leave, your notes should be left in the jury room. No one will read your notes.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of other jurors.

7

### INSTRUCTION NO. 7

### CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone, tablet, or computer, or any other electronic means, via email, text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, Tiktok, or any other forms of social media. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case, and how long you expect the trial to last. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet, or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own. Also, do not do any research about this case, the law, or the people involved—including the parties, the witnesses or the lawyers— until

//

//

8

1   you have been excused as jurors.

2        A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any

3   juror is exposed to any outside information, please notify the Court immediately.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>INSTRUCTION NO. 8</u>**

**<u>DUTY OF JURY (BEFORE DELIBERATIONS)</u>**

Members of the Jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you.

Please do not read into these instructions or anything that I may say or do or have said or done that I have an opinion regarding the evidence or what your verdict should be.

# INSTRUCTION NO. 9

## SECTION 1983 CLAIM—INTRODUCTORY INSTRUCTION

Plaintiff brings his claim under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

**INSTRUCTION NO. 10**

**PARTICULAR RIGHTS—EIGHTH AMENDMENT—CONVICTED PRISONER'S**

**CLAIM RE: CONDITION OF CONFINEMENT/MEDICAL CARE**

Plaintiff has the burden of proving by a preponderance of the evidence that the act(s) or failure to act of Defendant deprived Plaintiff of particular rights under the United States Constitution. When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true.

Under the Eighth Amendment, a convicted prisoner has the right to be free from "cruel and unusual punishments." This includes the right to receive medical care for a known serious medical condition. In order to prove Defendant deprived Plaintiff of this right, Plaintiff must prove the following elements by a preponderance of the evidence:

1. Plaintiff faced a serious medical need;

2. Defendant was deliberately indifferent to that medical need, that is, Defendant knew of it and disregarded it by failing to take reasonable measures to address it; and

3. The act(s) or failure to act by Defendant caused harm to Plaintiff.

## INSTRUCTION NO. 11

## NEGLIGENCE IS NOT SUFFICIENT BASIS FOR LIABILITY

Neither medical negligence alone, nor a difference of opinion between medical personnel or between doctor and patient, is enough to establish a violation of Plaintiff's constitutional rights.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **INSTRUCTION NO. 12**

### **DAMAGES—PROOF**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiff on the claim of a deprivation of his rights under the United States Constitution, you must determine Plaintiff's damages. Plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate Plaintiff for any injury you find was caused by Defendant.

You should consider the following:

First, the nature and extent of Plaintiff's claimed injuries. Second, the pain and suffering that Plaintiff claims he experienced.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## INSTRUCTION NO. 13

## DUTY TO DELIBERATE

Before you begin your deliberations, elect one member of the jury as your foreperson. The foreperson will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views. It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**INSTRUCTION NO. 14**

**COMMUNICATION WITH COURT**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the Courtroom Deputy, signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the Court.

1

2
**<u>INSTRUCTION NO. 15</u>**

3
**<u>RETURN OF VERDICT</u>**

4
    A verdict form has been prepared for you. After you have reached unanimous agreement

5
on a verdict, your foreperson should complete the verdict form according to your deliberations,

6
sign and date it, and advise the Courtroom Deputy that you are ready to return to the courtroom.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

**INSTRUCTION NO. 16**

3

**POST-DISCHARGE INSTRUCTIONS**

4

   Now that the case has been concluded, some of you may have questions about the

5

confidentiality of the proceedings. Now that the case is over, you are free to discuss it with any

6

person you choose. By the same token, however, I would advise you that you are under no

7

obligation whatsoever to discuss this case with any person, including the attorneys in this case.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

IT IS SO ORDERED.

Dated: __**September 18, 2023**__          /s/ _____

UNITED STATES MAGISTRATE JUDGE